**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | 2:19cr00235 |
| v. | ) | **Electronic Filing** |
| | ) | |
| **MIGUEL A. RODRIGUEZ** | ) | |

**OPINION**

Presently before the court is defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the motion will be denied.

On July 27, 2019, defendant was stopped while transporting 500 grams of opiates to the Western District of Pennsylvania. PSR ⁋ 14. He was indicted on July 29, 2019, PSR ⁋ 1, and made his initial appearance on August 12, 2019, PSR ⁋ 2. Defendant was released after a bond hearing on August 14, 2019, PSR ⁋ 3. On June 2, 2020, the United States Probation Office filed a petition to revoke defendant's bond because he had been arrested for drug possession and had violated a number of conditions of pretrial release. Defendant's bond was revoked on August 27, 2020. Doc. No. 58. During this time and thereafter, defense counsel filed four motions which extended the time for filing pretrial motions from August 13, 2019, through June 25, 2020. Doc. Nos. 21, 29, 31, 35, and 36.

A grand jury returned a Superseding Indictment on June 17, 2020, charging defendant with possessing with the intent to distribute over 400 grams of fentanyl and heroin. Doc. No. 43. The accompanying Superseding Indictment Memorandum indicated that the minimum mandatory penalty at Count One was ten years of incarceration and five years of supervised release. Doc. No. 44. It also indicated that the mandatory period of incarceration increased to a minimum of 15 years of incarceration if defendant had a prior serious violent felony, and to 25 years if he had two such convictions. Id. Although defendant had qualifying predicate offenses,

the government did not file an Information pursuant to 21 U.S.C. § 851 seeking to enforce these enhanced penalties.

After the return of the Superseding Indictment, defendant filed ten additional motions which extended the time for filing pretrial motions through March 24, 2022. Doc. Nos. 51, 61, 63, 65, 67, 69, 71, 73, 75, 78, and 79.

Defendant pled guilty to Count One of the Superseding Indictment on March 25, 2022. He was sentenced to the statutorily mandated minimum sentence of 120 months of incarceration and five years of supervised release on July 21, 2022. Doc. No. 92. Defendant did not appeal either his conviction or sentence.

Defendant filed the instant motion under 28 U.S.C. § 2255 on July 26, 2023. Doc. No. 97. The Court issued a Miller notice on December 19, 2023. Defendant did not respond to the Miller notice or otherwise seek to amend his motion, which resulted in the motion being considered for adjudication "in the form in which it was filed." Doc. No. 98, at 2.

The motion appears to be a photocopy of sections from the sentencing memorandums submitted by the parties and references to the Speedy Trial Act. It also contains an allegation that the court failed to hold a competency hearing. It provides no explanation or reasoning as to how these asserted legal tenants were violated in this case.

The government maintains that the motion should be denied for three reasons: the claims presented are too vague to warrant further review; any claims raised by the motion have been procedurally defaulted; and defendant cannot meet the demanding burdens governing his motion in any event. We agree.

A § 2255 motion may be disposed of summarily where the motion fails to set forth a basis upon which relief can be granted or where the factual allegations advanced in support of the motion are vague, conclusory or patently frivolous. See Rule No. 4 of the Rules Governing §

2255 Proceedings; Blackledge v. Allison, 431 U.S. 63 (1977); Page v. United States, 462 F.2d 932, 933 (3d Cir. 1972) (where the record affirmatively indicates that a claim for relief is without merit, it may be decided summarily without a hearing). In Government of Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985), the United States Court of Appeals for the Third Circuit stated:

> A Section 2255 motion is addressed to the discretion of the trial judge in the first instance and where the record affirmatively indicates the claim for relief is without merit, the refusal to hold a hearing will not be deemed an abuse of discretion.

Id.; accord United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000). Other courts have reached the same conclusion. See Baumann v. United States, 692 F.2d 565, 572 (9th Cir. 1982) (proper for district court to dismiss portion of § 2255 petition without evidentiary hearing where allegations conclusively failed to state a claim for relief); United States v. Oliver, 865 F.2d 600, 604 (4th Cir.), cert. denied, 493 U.S. 830 (1989) (district court may dismiss § 2255 petition pursuant to Rule 4(b) where record conclusively demonstrates that movant is not entitled to relief as a matter of law); Mathews v. United States, 11 F.3d 583, 584-86 (6th Cir. 1993) (where § 2255 petition raises no factual disputes and bases for relief are without merit, district court need not hold an evidentiary hearing and may dismiss the motion summarily).

It is well settled that the first question to be resolved in assessing a § 2255 motion is whether the movant has alleged "an error sufficiently fundamental to come within the narrow limits of § 2255 [thus] making the conviction vulnerable to attack." United States v. Biberfeld, 957 F.2d 98, 102 (3d Cir. 1992) (citing Napue v. Illinois, 360 U.S. 264, 269 (1959)). "Habeas corpus has long been available to attack convictions and sentences entered . . . without jurisdiction [and more recently has been] expanded to encompass claims of constitutional error as well." United States v. Addonizio, 422 U.S. 178, 185 (1979).

Where review of a conviction or sentence is sought based only on an error of law, “the scope of collateral attack has remained far more limited.” Stone v. Powell, 428 U.S. 465, 477 & n.10 (1976); see also Reed v. Farley, 512 U.S. 339, 354 (1994) (citing Davis v. United States, 417 U.S. 333, 346 (1974) and Hill v. United States, 368 U.S. 424, 428 (1962)). In such circumstances "habeas review is available to check violations of federal laws when the error qualifies as 'a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure.'" Reed, 512 U.S. at 348 (quoting Hill, 368 U.S. at 428); United States v. Essig, 10 F.3d 968, 977 n.25 (3d Cir. 1993); see also Coleman v. Thompson, 501 U.S. 722, 750 (1991); Grant v. United States, 72 F.3d 503, 505-06 (6th Cir. 1996) (“nonconstitutional claims not raised at trial or on direct appeal are waived for collateral review except where the errors amount to something akin to a denial of due process”).

In contrast to fundamental errors, non-fundamental errors which are not raised on direct appeal where there was an opportunity to do so are waived. Essig, 10 F.3d at 976-77 & n.25; Grant v. United States, 72 F.3d 503, 505-06 (6th Cir.), cert. denied, 517 U.S. 1200 (1996) (claims which do not amount to serous defects meriting relief outside the normal appellate process are waived). For example, in United States v. Folk, 954 F.3d 597 (3d Cir. 2020), the court followed the general consensus of the other courts of appeals and held that an incorrect career-offender designation under the advisory guidelines is not cognizable under § 2255 because it is neither a procedural error that qualifies as “an omission inconsistent with the rudimentary demands of fair procedure” nor "a fundamental defect that inherently results in a complete miscarriage of justice." Id. at 604.

In addition to presenting a claim falling within these limited substantive areas, significant procedural restrictions have been imposed in conjunction with claims for collateral relief that

were not raised on direct appeal. Bousley v. United States, 523 U.S. 614, 621-22 (1998). As to alleged errors which are "based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 167-68 (1982).

It is undisputed that defendant did not appeal his conviction or sentence. He has not advanced any grounds for excusing his failure to do so. Thus, all claims that could have been raised on direct appeal are defaulted. See Murray v. Carrier, 477 U.S. 478, 491 (1986) (failure to raise a claim on direct appeal procedurally defaults the review of that claim).

Moreover, any claim that defendant's trial counsel was ineffective for failing to pursue a competency hearing or protect defendant's constitutional right to a speedy trial is meritless. A two-part test is utilized to assess an ineffective counsel claim. See Strickland v. Washington, 466 U.S. 668 (1984). The first prong requires the petitioner to demonstrate that counsel's performance was deficient. This requirement is met where "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Flamer v. State of Delaware, 68 F.3d 710, 728 (3d Cir. 1995) (quoting Strickland, 466 U.S. at 687)). This prong requires proof that counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms, which existed at the time. Id. The assessment begins with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and the court's scrutiny of counsel's performance is to be highly deferential. Id. (citing Strickland, 466 U.S. at 689); see also Government of Virgin Islands v. Weatherwax, 77 F.3d 1425, 1431 (3d Cir. 1996). The assessment of counsel's performance must be made in light of all the circumstances and the ultimate objective of assuring vigorous advocacy of the petitioner's defense. Id. It also must be made without the "distorting

effects of hindsight" and the petitioner has the burden of overcoming the strong presumption that counsel was effective. United States v. Kissick, 69 F.3d 1048, 1054 (10th Cir. 1995).

The second prong of the Strickland analysis requires a showing that counsel's ineffectiveness was prejudicial. Flamer, 68 F.3d at 728. This prong requires a petitioner to demonstrate that but for counsel's unprofessional errors, there is a reasonable probability that the result of the prosecution would have been different. In this context "[a] reasonable probability is one which is 'sufficient to undermine confidence in the outcome.'" Id. (quoting Strickland, 466 U.S. at 694). The assessment cannot be based upon generalities, but instead must be based upon a demonstration of how the "specific errors of counsel undermined the reliability of the [outcome]." Flamer, 68 F. 3d at 729 (quoting United States v. Cronic, 466 U.S. 648, 659 n.26 (1984)). Where the alleged error is based upon a failure to make a reasonable investigation or the election to pursue one defense over another, a heavy measure of deference must be accorded to counsel's judgment. As long as there was a reasonable basis for counsel's strategic decision, counsel may not be found to be ineffective. See Weatherwax, 77 F.3d at 1432.

As an initial matter, defendant has failed to even show that defense counsel's performance in obtaining the plea agreement and sentence to the statutorily mandated minimum sentence without § 851 enhancement fell below the objective standard of reasonableness guaranteed by the Sixth Amendment. Any claim in this regard is unexplained and thus unsubstantiated. Such vague and unexplained contentions do not even come close to demonstrating that counsel made errors so serious that they fell below an objective standard of reasonableness under the prevailing professional norms.

Second, defendant has failed to show he was prejudiced by counsel's strategy and performance. The utilized strategy and performance netted defendant a sentence at the statutorily mandated minimum and in turn the low end of the guidelines. The court could not

have imposed a lower sentence. Consequently, defendant has failed to show that the outcome of his sentencing hearing would have been different.

Defendant has failed to show that counsel's performance in formulating and pursuing a trial and sentencing strategy fell below the objective standard of performance guaranteed by the Sixth Amendment. In other words, defendant has failed to show he was prejudice by counsel's challenged performance. Under these circumstances, any claim for ineffective assistance of counsel is subject to summary dismissal.

Finally, the record lacks any basis to assume or inference that there has been a fundamental defect that inherently results in a complete miscarriage of justice. To the contrary, the record indicates that the adjudication and sentence resulted in a just and adequate outcome.

For the reasons set forth above, defendant's motion to vacate, set aside or correct sentence will be denied. An appropriate order will follow.

Date: September 30, 2026

s/David Stewart Cercone
David Stewart Cercone
Senior United States District Judge

cc: Michael Leo Ivory, AUSA

(*Via CM/ECF Electronic Mail*)

Miguel A. Rodriguez
USMS 39627-068
FCI Forrest City – Low
Inmate Mail/Parcels
1400 Dale Bumpers Rd.
Forest City, AR 72335

(*Via First Class Mail*)